IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 1:22-cv-2811-WJM-MEH

MARIA KANE,

    Plaintiff,

v.

TRAVELERS PERSONAL INSURANCE COMPANY, a subsidiary of the Travelers Indemnity Company,

    Defendant.

## ORDER APPOINTING APPRAISAL UMPIRE

This civil action seeks to have the Court appoint an umpire for an appraisal pursuant to a policy of homeowners insurance issued by Defendant Travelers Personal Insurance Company to Plaintiff Maria Kane. (ECF No. 1.) Following a briefing schedule issued by United States Magistrate Judge Michael E. Hegarty (ECF No. 23), Defendant filed its Brief In Support of Proposed Umpires, to which Plaintiff filed a response brief. (ECF Nos. 24, 27.) In Defendant's brief, it suggests three potential candidates. Additionally, Plaintiff filed a Brief Regarding the Court's Appointment of an Appraisal Umpire, to which Defendant filed a response brief. (ECF Nos. 25, 26.) Plaintiff also suggests three potential candidates.

## I. BACKGROUND

This matter arises out of a property insurance claim made by Plaintiff as the result of an alleged hailstorm on June 5, 2021 (the "Loss"). (ECF No. 24 at 1.) Specifically, Plaintiff has alleged that her home, located at 2002 Champions Circle,

Castle Rock, Colorado 80104 (the "Property"), sustained hail damage to her roof and deck. (*Id.*)  At the time of the Loss, the Property was insured under a homeowners policy issued by Defendant, Policy No. 602805618 633 1. (*Id.*)  Between June 5, 2021 and November 11, 2021, Defendant issued payment in the amount of $27,948.65 for the alleged damages to the Property due to the Loss. (*Id.* at 2.)  On November 22, 2021, Plaintiff invoked the appraisal process clause under the Policy. That provision reads as follows:

> 7. Appraisal. If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss.  In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss.  If the appraisers submit a report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to be any two will set the amount of loss.
>
> Each party will:
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

(ECF No. 25 at 1–2.)

Plaintiff selected Michael Mayer of Blue Racoon Consulting Group to serve as her appraiser. (ECF No. 24 at 2.)  On December 13, 2021, Defendant informed Plaintiff of its selection of Brian Beatty of Spectrum Forensics as its appraiser. (*Id.*)  Sometime thereafter, the appraisers completed their inspections of the Property. (*Id.*)  According to Defendant, issues between the two appraisers arose over the general scope of

repair, alleged damage to the deck, value of the alleged damage, role in the appraisal process, and access to the property to complete inspections. (*Id.*) Defendant represents that all communication between the appraisers has broken down. (*Id.*) The parties could not agree on an appraisal umpire, and this action followed.

## II. ANALYSIS

First, subject matter jurisdiction exists for this case. (ECF No. 19 (confirming the Court has diversity jurisdiction).)

Second, the parties disagree with one another's candidates on principled grounds. Defendant contends Plaintiff's proposed umpires appear to lack impartiality and, in the case of Mr. Coleman, the proper experience. (ECF No. 26 at 4–6.) Plaintiff contends that Defendant's candidates lack adequate industry expertise adjusting residential hailstorm damage claims. (ECF No. 27 at 19–21.) The Court accepts at face value each side's objections and, for this reason, has endeavored to select a competent neutral whose qualifications are appropriate under the governing standard.

Third, the undersigned has found in a similar case involving a dispute concerning the appointment of an appraisal umpire that "the umpire's primary role is not to undertake a new, third appraisal, but to evaluate the appraisers' completed appraisals, and their differences. This is more akin to adjudicating competing experts' opinions than to preparing a third, independent opinion or appraisal. This role is aptly filled by an arbitrator with experience weighing parties' competing submissions." *PB Prop. Holdings, LLC v. Auto-Owners Ins. Co.*, 2018 WL 10879450, at *2 (D. Colo. Jan. 3, 2018).

For these reasons, given his extensive experience and competency to fill such a

role in this case, the Court appoints Richard P. Myers, Esq., a mediator with JAMS, Denver, as umpire consistent with the terms of the applicable insurance policy and governing law.[1]

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Richard P. Myers, Esq. is APPOINTED as the appraisal umpire for a determination of loss for Travelers Claim #IPR1586; and

2. The Clerk is DIRECTED to enter judgment consistent with this Order and thereafter terminate this action.

Dated this 7th day of July, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

---

[1] Plaintiff takes issue with the resumes attached by Defendant—arguing that they unfairly differ from those Defendant attached to the Answer—and offers to submit updated resumes. (ECF No. 27 at 17.) Defendant has pointed out that Plaintiff has essentially double-briefed this case and has used more pages than the parties agreed in her briefs. (ECF No. 26 at 1–2.) The Court has considered both parties' concerns; however, the Court concludes that it does not need to strike briefing or direct any additional submissions from the parties to resolve this dispute and appoint an appraisal umpire.